

FILED

12/22/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0311

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0311

KELLY GENE SVIR,

Petitioner,

v.

PETER BLUDWORTH, Warden,
Crossroads Correction Center,

Respondent.

FILED

DEC 2 2 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Self-represented Petitioner Kelly Gene Svir, also known as Kelly Gene Anderson, has filed a Petition for a Writ of Habeas Corpus, asserting that he is illegally incarcerated. Pursuant to this Court's June 10, 2020 Order, the Attorney General's Office has filed a response asserting that Svir's Petition should be denied. While his proceeding was pending, Svir filed a Motion for Summary Judgment, and the State also filed a response.

Relevant to this Petition are three criminal cases—two from Missoula County District Court and one from Ravalli County District Court. In May 2003, the Missoula County District Court sentenced Svir for felony driving under the influence of alcohol (DUI) to thirteen months with a recommendation to WATCh[1] followed by five years of supervised release. Less than a year later, Svir was back in court because of the State's petition to revoke. He admitted that he had violated his probationary terms and conditions. On April 8, 2004, the District Court revoked his sentence and imposed a five-year term with three years suspended to the Montana State Prison (MSP) (2004 sentence upon revocation). On that same day, the Missoula County District Court sentenced Svir for a new felony DUI and two misdemeanors (2004 sentence). On that charge, the court imposed a thirteen-month term followed by five years of supervised probation, to run consecutively to his 2004 sentence upon revocation. On

_____

[1] Warm Springs Addiction Treatment & Change Program.

December 10, 2009, the District Court revoked both of Svir's sentences and stated that "the Defendant's sentence shall continue in effect." On December 9, 2011, Svir was on probation when he drank alcohol, drove, and was arrested in Ravalli County. On August 16, 2012, the Ravalli County District Court sentenced Svir to a five-year commitment to the Department of Corrections (DOC) (2012 sentence). On August 23, 2012, the Missoula County District Court revoked his 2004 sentence, which had also been revoked in 2009, and imposed a three-year DOC commitment to run consecutively to his 2012 sentence (2012 sentence upon revocation).[2]

Svir argues that his 2012 sentence upon revocation is illegal because a court cannot impose a longer sentence upon revocation than that originally imposed. Section 46-18-203(7)(a)(iii), MCA (2003). He points out that his 2012 sentence from Ravalli County did not exist when the Missoula County District Court originally convicted him for his DUI and the original 2004 sentence. Svir contends that he should have discharged his sentences by now.

The State responds that Svir's sentences were run consecutively to each other. The State explains that in April 2004, the Missoula County District Court specifically ran his 2004 sentence consecutively to his 2004 sentence upon revocation. The State provides that the Ravalli County District Court had authority to run his 2012 sentence consecutively to any sentence. The State clarifies that at the time Svir's 2012 Ravalli County sentence was imposed, Svir was serving his Missoula County sentences upon the revocations imposed in 2009. The State notes that the Ravalli County District Court ran his 2012 sentence consecutively "to any existing felony sentences, including the revocation proceeding in the Montana Fourth Judicial District [Missoula County]." The State points out that unless the court orders otherwise, a sentence must run consecutively under Montana law and does not merge. Section 46-18-401(1)(a), MCA.

The State provides a sentence calculation for Svir. The State refutes that Svir is

---

[2] Svir appealed his 2012 sentence upon revocation with this Court. The case was filed under his other name. Through counsel, he later voluntarily moved for dismissal because he did not want to continue with his appeal. *State v. Anderson*, No. DA 12-0633, Order dismissing appeal (Mont. June 18, 2013).

illegally incarcerated because his 2012 sentence upon revocation was revoked in 2019, and the Missoula County District Court sentenced him to serve a three-year term with credit for 165 days of jail time served. The State concludes that because Svir is serving this sentence, he is legally incarcerated. The State requests dismissal of his Petition.

We conclude that Svir has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. Svir had his original 2004 sentence revoked three times. Svir is serving the consecutively imposed 2012 sentence upon revocation that was revoked in 2019, reimposing a three-year term. Svir is further constrained because the remedy of habeas corpus precludes challenges to a sentence upon revocation. Section 46-22-101(2), MCA. Lastly, we observe that a motion for summary judgment does not apply to this original proceeding in this Court. M. R. Civ. P. 1; M. R. App. P. 14(5). Therefore,

IT IS ORDERED that Svir's Petition for a Writ of Habeas Corpus is DENIED and that Svir's Motion for Summary Judgment is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Kelly Gene Svir personally.

DATED this 22nd day of December, 2020.

Justices

3